IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:09CR129 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BRYAN S. BEHRENS, | ) | |
| | ) | |
| Defendant. | ) | |

A pretrial conference pursuant to Fed. R. Crim. P. 17.1 was held in Courtroom No. 7, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, on March 23, 2007. At the conference, the defendant, Bryan S. Behrens, was present with his counsel, Federal Public Defender David R. Stickman, and the United States was represented by Assistant U.S. Attorney Russell X. Mayer.

After a discussion of the present state of the discovery, the following schedule is established:

**IT IS ORDERED:**

1. If after compliance with Rule 16 there is necessity for the filing of pretrial motions, they shall be filed by **October 1, 2009.** In the event that any motions are filed seeking bills of particulars or discovery of facts, documents, or evidence, as part of the motion **the moving party shall** recite that counsel for the movant has conferred with opposing counsel regarding the subject of the motion in an attempt to reach agreement on the contested matters without the involvement of the court and that such attempts have been unsuccessful. The motion shall further state the dates and times of such conferences.

2. If any pretrial motion is filed by either side, the supporting brief required by the provisions of NCrimR 12.3(b) shall be simultaneously filed. Opposing briefs shall be filed **five business days thereafter**.

3. An additional 17.1 scheduling conference will be held before the undersigned magistrate judge at **10:30 a.m. on October 9, 2009**, in Courtroom No. 7, Second Floor,

Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska. The defendant shall be present for such conference.

4. The court finds that this case is unusual and complex due to the number of documents, the nature of the prosecution, and the existence of novel questions of law and fact. For these reasons it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. The additional time requested by counsel for defendant serves the ends of justice and outweigh the interests of the public and defendant in a speedy trial. **See**, 18 U.S.C. § 3161(h)(8)(A) & (B). As a result, time is **excluded from June 2, 2009 through and including October 9, 2009.**

DATED this 2nd day of June, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge