**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:09CR129 |
| Plaintiff, ) | |
| ) | ORDER and |
| vs. ) | |
| ) | FINDINGS AND |
| BRYAN S. BEHRENS, ) | |
| ) | RECOMMENDATIONS |
| Defendant. ) | |

This matter is before the court on the motion for a bill of particulars (Filing No. 19) and the motion to dismiss and strike (Filing No. 17) filed by defendant Bryan S. Behrens (Behrens). Behrens is charged in the Indictment with one count of securities fraud (Count I) in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5; mail fraud (Counts II - VII) in violation of 18 U.S.C. § 1341; wire fraud (Counts VIII - XII) in violation of 18 U.S.C. § 1343; and money laundering (Counts XIII - XXI) in violation of 18 U.S.C. § 1957. The government filed a response (Filing No. 28) to Behrens's motion for a bill of particulars and a response (Filing No. 29) to Behrens's motion to dismiss and strike.

An evidentiary hearing was held on the motions on November 10, 2009. Behrens was present for the hearing along with his counsel, Federal Public Defender David R. Stickman. The United States was represented by Assistant U.S. Attorney Russell X. Mayer. During the hearing, no evidence was presented. At the parties' request, the court took judicial notice of the Indictment. A transcript of the hearing (TR.) was filed on November 18, 2009 (Filing No. 35).

**I.   BILL OF PARTICULARS**

Behrens seeks a bill of particulars requesting the government provide:

> a.   With respect to all allegations that Behrens made false statements or representations to investors or subgroups of investors, the precise statements or representations which are alleged to be false, accompanied by the identity of the persons to whom those statements were made and the dates on which the events occurred;

>   b.   With respect to alleged acts of concealment, the unspecified acts indicated by the phrase "not limited to," the dates on which those acts occurred, and the parties involved in those acts;
>   c.   The identity of those persons deemed to be in the "later investor" group and the "early investor" group on which the government intends to prove its alleged Ponzi scheme.
>   d.   The name of the investor referred to in Paragraph 27 of the Indictment.
>   e.   The name of the investor referred to in Paragraph 34 of the Indictment.
>   f.   The names of the investors that suffered the loss alleged in Paragraph 35 of the Indictment.

The government opposes any bill of particulars.

Count I of the Indictment alleges a securities fraud scheme in 36 paragraphs extending over ten pages. The government has adopted an open file policy for discovery in this matter whereby Behrens has been given access to all evidence in the possession of the government. The government has stated it will provide Behrens with all newly obtained relevant information when such information becomes available.

The fundamental purpose of a bill of particulars is to inform the defendant of the nature of the charges against him, to prevent or minimize the element of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite. *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002); **see, e.g.**, *United States v. Wessels*, 12 F.3d 746, 751 (8th Cir. 1993); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam); *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986). The court has broad discretion in granting or denying a bill of particulars. *United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir. 1991). The court, in its discretion, may order the government to provide requested supplementary details where the indictment fails sufficiently to advise the defendant of the charges and to enable him to prepare a defense. **See, e.g.**, *Garrett*, 797 F.2d at 665; *United States v. Hill*, 589 F.2d 1344, 1351-52 (8th Cir. 1979). A bill of particulars, however, is not a proper tool for discovery. *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006). It is not to be utilized to provide itemized disclosure of the government's evidence at trial. *Wessels*, 12 F.3d at 750; **see also**

*United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985); *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982) ("Acquisition of evidentiary detail is not the function of the bill of particulars.").

Given the detail of the Indictment itself and the "open file" discovery policy adopted in this case, the court finds a bill of particulars is unnecessary in this case. **See** *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009).

II.   **MOTION TO STRIKE**

Behrens moves to strike the term "Ponzi scheme" from the Indictment as being surplusage, irrelevant, inflammatory and unduly prejudicial pursuant to Fed. R. Crim. P. 7(d). A motion to strike "should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962); **see** *United States v. DeRosier*, 501 F.3d 888, 897 (8th Cir. 2007). The term "Ponzi scheme" appears to be a term to describe Behrens's intent and motive in structuring the transactions alleged. The Eighth Circuit has described Ponzi schemes as:

> [F]raudulent business ventures in which investors' "returns" are generated by capital from new investors rather than the success of the underlying business venture. This results in a snowball effect as the creator of the Ponzi scheme must then recruit even more investors to perpetuate the fraud.

*In re Armstrong*, 291 F.3d 517, 520 n.3 (8th Cir. 2002) (**citing** *United States v. Mathison*, 157 F.3d 541, 546 (8th Cir. 1998) (upholding convictions for the operation of a Ponzi scheme)).

"Ponzi scheme" is a common term used in the financial world, and while evocative of recent headlines, merely describes the alleged conduct of the defendant in a succinct fashion. The term is not surplusage. **See, e.g.,** *United States v. Ruedlinger*, No. 97-40012-01, 1997 WL 752440, at *2 (D. Kan. Dec. 2, 1997). Behrens's motion to strike the term "Ponzi scheme" from the Indictment will be denied.

### III. MOTION TO DISMISS

Behrens seeks to dismiss Count I of the Indictment as duplicitous. Duplicity in an Indictment is the joining of several offenses in a single count of the Indictment. *United States v. Moore*, 184 F.3d 790, 793 (8th Cir. 1999). Behrens is charged in Count I of the Indictment with securities fraud in violation of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5. Count I alleges Behrens devised a Ponzi-like scheme to defraud, providing, in great detail, transactions and events involved in the scheme. Counts II through XXI allege separate acts of mail fraud, wire fraud, and money laundering. However, Behrens asserts each of the false statements or deceptive acts alleged in Count I constitute separate offenses under 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5 and should be charged as such.

Count I charges a securities fraud and describes the scheme as a whole. In *United States v. Haddy*, 134 F.3d 542 (3rd Cir. 1998), the Third Circuit held with regard to a charge involving 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5:

> We conclude first, that the indictment does not suffer from the vice of duplicity. The relevant statutory and regulatory language allow charging an overall scheme to defraud in a single count of an indictment.

*Id.* at 544. Accordingly, the allegation of the scheme can be an allowable unit of prosecution. The court finds no duplicity in Count I of the Indictment and will recommend that Behrens's motion to dismiss be denied.

**IT IS ORDERED:**
1. Behrens's motion for a bill of particulars (Filing No. 19) is denied.
2. Behrens's motion to strike (Filing No. 17) is denied.

**IT IS RECOMMENDED TO SENIOR JUDGE LYLE E. STROM that:**

Behrens's motion to dismiss (Filing No. 17) be denied.

**ADMONITION**

Pursuant to NECrimR 59.2 any appeal of this Order or objection to this Findings and Recommendations shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order and Findings and Recommendations.  Failure to timely appeal or object may constitute a waiver of any such appeal or objection.  The brief in support of any appeal or objection shall be filed at the time of filing such appeal or objection.  Failure to file a brief in support of any appeal or objection may be deemed an abandonment of the appeal or objection.

DATED this 30th day of December, 2009.

BY THE COURT:

 s/ Thomas D. Thalken
 United States Magistrate Judge