IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR129 |
| | ) | |
| v. | ) | |
| | ) | |
| BRYAN S. BEHRENS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the issue of whether 15 U.S.C. § 78ff(a) forecloses the Court from sentencing defendant Bryan S. Behrens to a term of imprisonment. Defendant pled guilty to Count I of the Indictment, which charged defendant, *inter alia*, with violating 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10(b)-5 [hereinafter Rule 10-b] (Indictment, Filing No. 1, ¶ 36; Plea Agreement, Filing No. 60, ¶ 1). In his brief objecting to the presentence investigation report, argued he "did not know that the promissory notes issued by [National Investments, Inc.] were considered 'securities' under federal law" and, thus, § 78ff(a) prevents the Court from sentencing defendant to imprisonment (Defendant's Brief, Filing No. 77, at 5).

Section 78ff(a) provides any person convicted of violating securities laws shall "be fined not more than $5,000,000, or imprisoned not more than 20 years, or both." 15 U.S.C. § 78ff(a). Section 78ff(a) goes on to state: "[B]ut no

person shall be subject to imprisonment under this section for the violation of any rule or regulation if he proves that he had no knowledge of such rule or regulation." *Id.* This provision is often referred to as the "no knowledge" provision. Defendant argues he did not know he was violating an SEC rule or regulation and, therefore, under the no knowledge provision, he cannot be imprisoned for his conviction.

Defendant has misinterpreted the no knowledge provision. The Government refers the Court to *United States v. Knueppel*, 293 F. Supp. 2d 199 (E.D.N.Y. 2003). Similar to defendant, the defendants in *Knueppel* pled guilty to violating § 78j(b) and Rule 10-b. *United States v. Knueppel*, 293 F. Supp. 2d 199, 200 (E.D.N.Y. 2003). The defendants in *Knueppel* argued the no knowledge provision in § 78ff(a) was applicable to them, but the Court rejected this argument. *Knueppel*, 293 F. Supp. 2d at 201. First, the Court in *Knueppel* noted the no knowledge provision, by its terms, only applied when the defendant did not have knowledge of an SEC rule; but since the defendants had been charged with violating *criminal statutory* provisions (i.e., § 78j(b)), they fell "outside the protection of the 'no knowledge' provision." *Id.* at 203. Second, the Court detailed the history behind the no knowledge provision, and determined the no knowledge provision inapplicable because "none of these defendants is 'a totally innocent person' who committed a mere

-2-

technical violation of an SEC rule or regulation." *Id.* at 204 (quoting *United States v. Sloan*, 399 F. Supp. 982, 984 (S.D.N.Y. 1975)).

In addition to *Knueppel*, other cases have similarly determined the no knowledge provision inapplicable to people convicted of violating criminal securities laws. *See United States v. Eucker*, 532 F.2d 249, 256 (2d Cir. 1976) ("The charge of wrongdoing submitted to the jury was not the failure to keep and preserve records and file reports as required by the [SEC] rules; it was the making of false and misleading statements in a report, which conduct was specifically proscribed by § 78ff(a). [The defendant] is therefore not entitled to rely on the 'no knowledge' portion of that statute."); *United States v. Jensen*, 537 F. Supp. 2d 1069, (N.D. Cal. 2008), *rev'd on other grounds, United States v. Reyes*, 577 F.3d 1069, 1073 (9th Cir. 2009) ("[T]he No Knowledge Clause does not protect a defendant convicted of violating a securities *statute*."). Accordingly,

IT IS ORDERED that defendant is not entitled to the protection of 15 U.S.C. § 78ff(a).

DATED this 29th day of October, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court