IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR129 |
| | ) | |
| v. | ) | |
| | ) | |
| BRYAN S. BEHRENS, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the motion of
defendant Bryan Behrens for an emergency injunction setting aside
his conviction in this case (Filing No. 207).  The exclusive
remedy for a collateral challenge to a federal conviction is a
motion to vacate under 28 U.S.C. § 2255.  *Hill v. Morrison*, 349
F.3d 1089, 1091 (8th Cir. 2003).  The single recognized exception
is a habeas petition filed under 28 U.S.C. § 2241 that may be
pursued if a motion under § 2255 "is inadequate or ineffective to
test the legality of his detention."  28 U.S.C. § 2255(e); *Hill*,
349 F.3d at 1091.  Because this is defendant's first collateral
attack on his conviction by motion to this Court and because
defendant's brief does not indicate that § 2255 is inadequate or
ineffective in this matter, the Court will construe defendant's
pro se motion as a motion to vacate or set aside his conviction
under § 2255.  After a review of the record, the Court finds the
defendant's motion should be denied.

Defendant argues that an injunction ordered by the United States District Court of Nebraska in a separate civil suit deprived this Court of jurisdiction to dispose of the present case, thereby making his conviction and detention unlawful. *See S.E.C. v. Behrens*, 8:08CV13, 2009 WL 799623 (D. Neb. Mar. 24, 2009). In appointing a receiver for the assets of the defendant and defendant's associated business entities, Chief Judge Smith Camp included the following prohibition:

> All persons who receive actual notice of this Judgment by personal service or otherwise are enjoined from in any way disturbing the Assets and from filing or prosecuting any judicial action or proceeding of any kind, civil or criminal, or from appointing a receiver or administrator, which involves the Receiver, the Receivership Entities, or which affects the Assets, except on leave having been granted by this Court. The Receiver shall not be required to respond to any subpoena or other court process (for documents or testimony) relating to the Receiver's duties, except on order of this Court.

*Id*. (clarifying this passage from the Judgment as to Defendants and Appointment of Receivership, *S.E.C. v. Behrens*, 8:08CV13, Filing No. 85, ¶ 13).

Three independent rationales support this Court's decision to deny the defendant's motion to vacate or set aside his conviction. First, the irreparable harm the injunction was

-2-

intended to protect was not a right of the defendant to be free
from all prosecution.  The injunction against filing or
prosecution of further judicial action or proceedings against the
defendant was issued as part of an order appointing a receiver.
The explicit purposes of that appointment were:  "first,
locating, preserving, and protecting all assets that are subject
to disgorgement and penalties, and second, maximizing returns to
investors."  *S.E.C. v. Behrens*, Filing No. 85, at ¶ 2.  Because
future suits against the defendant or his associated companies
could affect the security of the assets to be disgorged, the
trial court issued the injunction prohibiting individuals with
notice of the order from pursuing additional suits.  The purpose
of the order informs the purpose and extent of the injunction.
Pursuit of the criminal conviction which defendant now challenges
did not undermine the protection of receivership assets and,
therefore, was not prohibited by the injunction.[1]

        Second, in the civil case, the defendant explicitly
urged the Court to interpret the injunction to allow suits
against him.  *Defendant's Brief in Opposition to Motion to Stay*,
8:08CV13, Filing No. 104 at 2-3.  Defendant takes precisely the
opposite position in his present motion.  Further, the defendant

_____

        [1] Notably, the Receiver did not request a stay of this action
as he did for a number of other cases.  *S.E.C. v. Behrens*,
8:08CV13, 2009 WL 799623 (granting the Receiver's motion to stay
a number of pending cases).  This indicates that the Receiver did
not see the present case as a threat to the receivership assets.

advanced the same reasoning that the Court adopts today:  that
the lawsuit he was pursuing was not covered by the injunction
because it "[did] not disturb or otherwise affect the assets of
the Receivership, and the action does not involve the Receiver or
the Receivership Entities."  *Id*. at 2.  The equitable power upon
which the injunction was issued also counsels against allowing a
party to pursue an argument which they have explicitly disclaimed
in a prior matter.

        Third, an injunction directed to "persons" who might
file or prosecute judicial actions or proceedings could not
deprive this Court of jurisdiction over the defendant or over the
subject matter of the criminal indictment.  Even if the
government were enjoined from filing and prosecuting this case,
the proper course of action would have been to seek a stay of the
proceedings or a contempt order against the United States
Attorney before his plea was entered and judgment was rendered by
the Court.  *See American Min. Congress v. U.S. Army Corps of
Engineers*, 120 F.Supp.2d 23, 27 (D.D.C. 2000) (noting cases which
indicate that the typical mode of enforcing an injunction is
through the court's power of contempt); *S.E.C. v. Behrens*, 2009
WL 799623 (granting a stay based on injunction).  It is far too
late to seek the enforcement of an injunction against the filing
or prosecution of a criminal action that has already been

resolved.  A separate order will be entered in accordance with this memorandum opinion.

      DATED this 13th day of August, 2013.

               BY THE COURT:

               /s/ Lyle E. Strom

               _____
               LYLE E. STROM, Senior Judge
               United States District Court