IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )         8:09CR129
                             )
      v.                     )
                             )
BRYAN S. BEHRENS,            )         MEMORANDUM OPINION
                             )
            Defendant.       )
_____)
```

This matter comes before the Court on the motions of defendant, Bryan S. Behrens ("Behrens"), for emergency injunction setting aside his conviction in this case (Filing No. 207) and for summary judgment (Filing No. 215).

Procedurally, this Court considered Behrens's emergency injunction motion previously (Filing Nos. 211 and 212). The Court in its opinion construed Behrens's emergency injunction motion as Behren's first motion to set aside his sentence under 28 U.S.C. § 2255 and denied the motion. However, pursuant to the United States Supreme Court's opinion in *United States v. Castro*, 540 U.S. 375 (2003), this Court withdrew its previous orders, admonished Behrens that his motion for emergency injunction would be construed as a § 2255 motion to vacate unless Behrens withdrew the motion, granted Behrens until September 3, 2013, to amend or withdraw his motion, and further warned Behrens of the

limitations the law imposes upon successive motions of collateral attack pursuant to 28 U.S.C. § 2255(h) (Filing No. 214).

Behrens has not withdrawn or amended his motion for emergency injunction. After admonishing the defendant as to the consequences of his motion practice pursuant to the *Castro* opinion, the Court shall proceed to reevaluate the defendant's motion.

The exclusive remedy for a collateral challenge to a federal conviction is a motion to vacate under 28 U.S.C. § 2255. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). The single recognized exception is a habeas petition filed under 28 U.S.C. § 2241 that may be pursued if a motion under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Hill*, 349 F.3d at 1091. Because this is defendant's first collateral attack on his conviction by motion to this Court and because defendant's brief does not indicate that § 2255 is inadequate or ineffective in this matter, the Court will construe defendant's pro se motion as a motion to vacate or set aside his conviction under § 2255. After a review of the record, the Court finds the defendant's motion should be denied.

Defendant argues that an injunction ordered by the United States District Court of Nebraska in a separate civil suit

deprived this Court of jurisdiction to dispose of the present case, thereby making his conviction and detention unlawful.  *See S.E.C. v. Behrens*, 8:08CV13, 2009 WL 799623 (D. Neb. Mar. 24, 2009).  In appointing a receiver for the assets of the defendant and defendant's associated business entities, Chief Judge Smith Camp included the following prohibition:

> All persons who receive actual notice of this Judgment by personal service or otherwise are enjoined from in any way disturbing the Assets and from filing or prosecuting any judicial action or proceeding of any kind, civil or criminal, or from appointing a receiver or administrator, which involves the Receiver, the Receivership Entities, or which affects the Assets, except on leave having been granted by this Court. The Receiver shall not be required to respond to any subpoena or other court process (for documents or testimony) relating to the Receiver's duties, except on order of this Court.

*Id.* (clarifying this passage from the Judgment as to Defendants and Appointment of Receivership, *S.E.C. v. Behrens*, 8:08CV13, Filing No. 85, ¶ 13).

Three independent rationales support this Court's decision to deny the defendant's motion to vacate or set aside his conviction.  First, the irreparable harm the injunction was intended to protect was not a right of the defendant to be free

from all prosecution. The injunction against filing or prosecution of further judicial action or proceedings against the defendant was issued as part of an order appointing a receiver. The explicit purposes of that appointment were: "first, locating, preserving, and protecting all assets that are subject to disgorgement and penalties, and second, maximizing returns to investors." *S.E.C. v. Behrens*, Filing No. 85, at ¶ 2. Because future suits against the defendant or his associated companies could affect the security of the assets to be disgorged, the trial court issued the injunction prohibiting individuals with notice of the order from pursuing additional suits. The purpose of the order informs the purpose and extent of the injunction. Pursuit of the criminal conviction which defendant now challenges did not undermine the protection of receivership assets and, therefore, was not prohibited by the injunction.[1]

       Second, in the civil case, the defendant explicitly urged the Court to interpret the injunction to allow suits against him. *Defendant's Brief in Opposition to Motion to Stay*, 8:08CV13, Filing No. 104 at 2-3. Defendant takes precisely the

---

[1] Notably, the Receiver did not request a stay of this action as he did for a number of other cases. *S.E.C. v. Behrens*, 8:08CV13, 2009 WL 799623 (granting the Receiver's motion to stay a number of pending cases). This indicates that the Receiver did not see the present case as a threat to the receivership assets.

opposite position in his present motion. Further, the defendant advanced the same reasoning that the Court adopts today: that the lawsuit he was pursuing was not covered by the injunction because it "[did] not disturb or otherwise affect the assets of the Receivership, and the action does not involve the Receiver or the Receivership Entities." *Id.* at 2. The equitable power upon which the injunction was issued also counsels against allowing a party to pursue an argument which they have explicitly disclaimed in a prior matter.

Third, an injunction directed to "persons" who might file or prosecute judicial actions or proceedings could not deprive this Court of jurisdiction over the defendant or over the subject matter of the criminal indictment. Even if the government were enjoined from filing and prosecuting this case, the proper course of action would have been to seek a stay of the proceedings or a contempt order against the United States Attorney before his plea was entered and judgment was rendered by the Court. *See American Min. Congress v. U.S. Army Corps of Engineers*, 120 F. Supp. 2d 23, 27 (D.D.C. 2000) (noting cases which indicate that the typical mode of enforcing an injunction is through the court's power of contempt); *S.E.C. v. Behrens*, 2009 WL 799623 (granting a stay based on injunction). It is far too late to seek the enforcement of an injunction against the

filing or prosecution of a criminal action that has already been resolved. A separate order will be entered in accordance with this memorandum opinion.

DATED this 7th day of November, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court