IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )      8:09CR129
                             )
      v.                     )
                             )
BRYAN S. BEHRENS,            )      ORDER
                             )
            Defendant.       )
_____)
```

This matter is before the Court on two motions (Filing No. 252, Filing No. 253) filed by the defendant. In the first motion, the defendant moves the Court to appoint David R. Stickman, Federal Public Defender, as counsel. The second motion objects to the government's request to obtain post-conviction garnishment.

To the extent that the defendant seeks to collaterally attack his criminal conviction, the Court does not address those issues. The defendant filed a motion (Filing No. 207) which this Court construed as a motion to vacate or set aside his sentence under Section 2255 of Title 28 (Filing No. 216). The Court warned the defendant then, in accordance with the United States Supreme Court's opinion in *United States v. Castro*, 540 U.S. 375 (2003), that the Court would construe his motion as a 2255 motion unless the defendant withdrew or amended the motion (Filing No. 214, at 1). The Court also warned the defendant, if the Court

rendered an unfavorable ruling against his first 2255 motion, that any subsequent motions collaterally attacking his sentence will be subject to the limitations placed on "second or successive" motions under Section 2255(h) of Title 28. *Id.* To the extent that the defendant purports to collaterally attack his sentence, he has failed to comply with the strictures of section 2255(h) of title 28. 28 U.S.C. § 2255.

The defendant was convicted of securities fraud (Filing No. 99). The judgment against him included restitution in the amount of $6,841,921.90. The judgment also authorized the government to institute any "civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty." Filing No. 185, at 7. The Court began the process of garnishment against the defendant after defendant failed to pay his restitution. One such proposed garnishment includes 130 shares of a Kansas City Life Stock and Collected dividend checks totaling approximately $6,206.10. Filing No. 250.

In the defendant's objection to the garnishment, the defendant seeks exemption of these shares from garnishment pursuant to Nebraska and federal law. The defendant bears the burden to show the source of the garnishment is exempted. *United States v. Taylor*, 2013 WL 5962057, at *2 (D. Neb. Nov. 6, 2013) (citing 28 U.S.C. §§ 3202(d)(1), 3205(c)(5)). Section 6334 of

Title 26 is the exclusive section that governs exemptions for federal criminal judgment liens. *See United States v. Citigroup Global Markets, Inc.*, 569 F. Supp. 2d 708, 711 (E.D. Tex. 2007) (citing *United States v. Lazorwitz*, 411 F. Supp. 2d 634, 637 (E.D.N.C. 2005), *United States v. James*, 312 F. Supp. 2d 802, 805 (E.D. Va. 2004), *United States v. Rice*, 196 F. Supp. 2d 1196, 1199 (N.D. Okla. 2002)). The defendant does not argue for exemption under Section 6334 but, instead, he argues for exemptions based upon state law and another federal statute: Section 522(d) of Title 11. Filing No. 253, at 14. As a matter of law, Section 6334 controls this Court's opinion. Further, the Court finds that the stocks in question do not fall within the exempted items in section 6334. Alternatively, the Court finds that the defendant has failed to meet his burden that this stock falls into these exemptions. The Court finds that the government has complied with the requirements of garnishment pleading.

        As a final matter, the Court will deny the defendant's request for appointed counsel.

IT IS ORDERED that the defendant's motions (Filing No. 252 and Filing No. 253) are denied.

DATED this 23rd day of July, 2015.

                              BY THE COURT:

                              /s/ Lyle E. Strom
                              _____
                              LYLE E. STROM, Senior Judge
                              United States District Court